BOARD OF EDUCATION OF COMMUNITY UNIT SCHOOL DISTRICT No. 303, Plaintiff-Appellee, *v.* GEORGE S. WALKER PLUMBING AND HEATING, INC., Defendant-Appellant—(AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Defendant.)

(No. 11548;

Fourth District—April 27, 1972.

Rosenberg, Rosenberg, Bickes & Johnson, of Decatur, (Joseph L. Rosenberg and David L. Johnson, of counsel,) for appellant.

Ingram & Kranz, of Sullivan, (W. B. Kranz, of counsel,) for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This appeal arises from a judgment of the circuit court of Moultrie County entered on motion for summary judgment granting plaintiff's motion and entering judgment against defendant, George S. Walker Plumbing and Heating, Inc., a Delaware corporation, and defendant American Casualty Company of Reading, Pa. for $7950, plus interest of five per cent per annum from the date complaint was filed, plus costs. The court also granted judgment on motion for summary judgment for $7950, plus interest at five per cent per annum, from the date the complaint was filed, plus costs and attorneys' fees in favor of defendant-counterclaimant, American Casualty Company of Reading, Pa., against defendant, George S. Walker Plumbing and Heating, Inc.

Plaintiff Board of Education filed this suit against contractor, George S. Walker Plumbing and Heating, Inc., who failed to sign a contract for heating, air-conditioning and ventilation work on a new school upon acceptance of one of its alternate bids. American Casualty Co. furnished its bid bond.

The Board signed a contract with another contractor but at a price $7950 higher. The plaintiff sued both the contractor and bonding company for the difference in cost price caused by the contractor's refusal to proceed with the contract. The bonding company counterclaimed against the contractor.

After depositions, motions for summary judgment were filed by plaintiff and defendant-counterclaimant. The court correctly granted summary judgment as there were no disputed issues of fact on relevant material matters. In so ruling, the trial court was correct and such judgments should be affirmed.

The judgments further ordered interest to run from the date of filing of the complaint. This was claimed proper under Ill. Rev. Stat., ch.

74, sec. 2. This section was not applicable as it applies only to "written instruments stipulating for the payment of money  *  *  *." (ILP, *Interest*, sec. 22.) The applicable statute is Ill. Rev. Stat., ch. 74, sec. 3, by which interest would commence running at six per cent from the date of entry of judgment, October 21, 1970. Accordingly, this part of the judgments must be reversed and remanded to enter judgments in accordance with this opinion.

Judgments affirmed in part, reversed in part and cause remanded to enter judgments in accordance with this opinion.

TRAPP, P. J., and SMITH, J., concur.